### BANCEL v. MEIER.

(Court of Appeals of District of Columbia. Submitted January 15, 1924. Decided March 3, 1924.)

No. 1625.

1. Patents ☞109—Claim added held to involve invention substantially different from that set forth in original application.

A claim added to an application by amendment more than two years after patent therefor had issued to another *held* to involve invention substantially different from that set forth in applicant's original claim.

2. Patents ☞109—Where applicant copied claim more than two years after issuance of patent claim must be for same subject-matter as original application.

Where more than two years elapsed between the issue of a patent and the date when another applicant copied a claim of the patent, it must appear that in such party's original application, which antedated the patent, there was a claim for the same subject-matter.

Appeal from the Commissioner of Patents.

Interference proceeding between Paul A. Bancel and Edward C. Meier. From a decision awarding priority to the last-named party, the first-named party appeals. Affirmed.

George F. Scull, of New York City, for appellant.

Joshua R. H. Potts and Brayton G. Richards, both of Chicago, Ill., and George B. Parkinson, of Philadelphia, Pa., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This is an interference proceeding, in which it appears that appellee, Meier, filed an application August 6, 1915, on which a patent was granted November 9, 1915. Appellant, Bancel, originally filed his application May 23, 1913, on which a patent was allowed November 30, 1915. The patent, however, be-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

came forfeited for nonpayment of the final fee, and a renewal of the original application was filed by Bancel on November 27, 1917.

On December 4, 1918, Bancel copied into his application, by way of amendment, claim 5 of the Meier patent, which reads as follows:

"In a boiler, the combination with water tubes, tile supported by the water tubes and forming a chamber, a heater located in the chamber, and means for controlling the flow of smoke and gases through said chamber, substantially as described."

More than two years having elapsed between the issue of the Meier patent and the date when Bancel copied the claim, it must appear that in the original application of Bancel there was a claim for the same subject-matter as the issue. Bancel bases his right to copy the Meier claim upon claim 3 of his original application, as follows:

"An apparatus for absorbing heat from hot gases, comprising a boiler provided with a plurality of paths in which the boiler tubes are located, and through which the furnace gases pass from the furnace to the smokestack, in combination with heat-absorbing means located between said paths through which a portion of said gases are adapted to pass from a point of high pressure to a path of low pressure, and means for regulating the flow of gases through said heat-absorbing means."

The Commissioner of Patents denied Bancel's right to copy the claim, for the reason that his original claim 3 does not involve the same subject-matter as the claim of the issue, Meier's claim 5. From this decision Bancel appeals.

[1, 2] We think the Commissioner was right. The claim in issuance includes "tile supported by the water tubes," and "means forming a plurality of paths in which the boiler tubes are located," and heat-absorbing means "between said paths." These are all limitations not found in the claim in issue. If the claim were allowed appellant, it would preclude appellee from using tile casing, since appellant's claim is broad enough to include any means. It is insisted, however, by appellant, that, inasmuch as the claim in issue is narrower than his claim 3, he is not precluded from making the claim by reason of the two-year limitation established by the rule announced in Chapman v. Wintroath, 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491. On the contrary, it is urged by counsel for appellee that the claim in issue enlarges Bancel's claim rather than restricts it. If this be true, Bancel would be precluded from copying the claim by reason of the limitation fixed in the Wintroath Case.

We are, however, in agreement with the Commissioner of Patents to the effect that the claim in issue involves an invention substantially different from that set forth in Bancel's original claim. As said by the Commissioner:

"It is clear that Meier aimed at the specific construction and support of the tile chamber in a boiler of the usual construction, while Bancel aimed at the broad arrangement of a heater located between two passages for hot gases. Throughout his correspondence Bancel refers only to his cross-flow superheaters. This is emphasized by Bancel's claim 3—that the gases go through his superheater 'from a point of high pressure to a point of low pressure.' These words are without material significance when applied to Meier."

The whole theory of the Bancel patent is to avoid the prior art, which related to a direct flow of the gases on their way from the fur-

nace to the smokestack. Hence, to distinguish from the prior art, Bancel relied upon a cross-flow of the gases from the point of high pressure to the point of low pressure. In this view of the case, it is quite clear why no construction was included in the terms of claim 3, or indeed of Bancel's disclosure, in which the heat-absorbing means or superheater was located in a path leading directly from the furnace to the smokestack. With this distinction between the construction of the Meier patent and of the Bancel application, it necessarily follows that the Bancel claim and application do not cover the construction of the Meier patent.

It is therefore unnecessary to consider the question of abandonment, and other objections raised, since appellant is not entitled to make the claim in issue.

The decision of the Commissioner of Patents is affirmed.